### JESSE FOGG & *al. versus* HENRY HILL *&* *al.*

By an offer to be defaulted the cause of action must be regarded as confessed; and such offer under the statute, is equivalent in its effect, in that particular, to bringing money into Court upon the common rule, which has ever been considered as leaving nothing in controversy but the *quantum* of the debt or damage, which the plaintiff is entitled to recover.

To enable the jury to ascertain the amount of rent to be recovered for the use and occupation of a store for a certain time, it is competent for the plaintiff to show what the premises had rented for in years immediately preceding the period in question; and also what other similar tenements rented for in the same neighborhood, at and about the same time.

Leases of the same store in former years to which one of several defendants was a party, are admissible in evidence for the same purpose.

And also with the same view, it is competent for the plaintiff to give in evidence, for the consideration of the jury, that he requested the defendant to leave the store, and that if he continued in the occupation thereof, a certain rent would be expected.

EXCEPTIONS from the Eastern District Court, CHANDLER J. presiding.

Assumpsit on an account, annexed to the writ, charging one quarter's rent of a store in Bangor, from April 1, 1839, to July 1, of the same year, $112,50, with a count for use and occupation of the same.

At the term at which the action was entered, the defendants offered in writing to be defaulted for the sum of $101,69, and the same was entered upon the record.

It was admitted, that the store was owned by one Hatch; and the plaintiffs introduced in evidence a written lease of this and several other stores from Hatch to them for the term of one year, commencing April 1, 1839. The plaintiffs proved that the defendants occupied the premises during the time for which rent was claimed, and that a few days after the expiration of the quarter, the plaintiffs presented to the defendants the same bill, annexed to the writ, and requested payment thereof; and that the defendants said, that if the plaintiffs would strike off the $12,50, it should be paid. The plaintiffs also proved, that after the expiration of the quarter ending July 1, 1839, on August 22, they left a written notice with the defendants, requesting them to leave the store, and notifying them, that if they continued longer, they would be charged at the rate of $450 per annum therefor; and that they still continued to occupy the store during the remainder of the year. The counsel for the defendants objected to the introduction of the proof of this notice, but the Judge admitted it. The counsel for the defendants contended, that the relation of landlords and tenants did not exist between the plaintiffs and the defendants, that the latter were answerable to Hatch for the rent, and to him alone, and that the plaintiffs had not made out their case, and should be nonsuited. This the Judge declined to do, and directed the parties to proceed in the trial. The parties introduced the testimony of several witnesses, some of whom occupied stores in the immediate neighbourhood, and stated the prices given by them at the time for rent, and the comparative value of the rent of this store, and theirs. The plaintiffs introduced in evidence one lease from Hatch to one of the plaintiffs and one of the defendants, jointly, of this

store from the spring of 1836 to April, 1837, and another from April, 1837, to April, 1838.

The defendants objected to the putting of interrogatories by the plaintiffs to the witnesses for the purpose of ascertaining the value of this rent by comparison with others in the vicinity, and the prices paid for them; and also objected to the introduction of the prior leases of the same store. These objections were overruled.

The Judge instructed the jury, that the relation of landlord and tenant existed between these parties, and that the plaintiffs would be entitled to recover, if the jury were satisfied, that the defendants had occcupied the premises as charged; that when the lessee at a specified rent holds over, the presumption is, that he occupies upon the same terms as during the original lease; that many of the facts and dates from which the value of the rent should be determined had been given them in evidence, which in connexion with the opinions of the witnesses, which were but opinions of experienced men, were all proper for their consideration, and would form the basis of their verdict.

The jury found for the plaintiffs, and estimated the rent at $112,50 per quarter. The defendants filed exceptions.

*J. Appleton* argued for the defendants, citing, 3 Serg. & R. 500; *Codman* v. *Jenkins,* 14 Mass. R. 93; *Wyman* v. *Hook,* 2 Greenl. 337; *Boston* v. *Binney,* 11 Pick. 1; Woodfall's Land. & Ten. 349; 6 N. H. R. 298; 2 Selw. N. P. 548; 1 Chipman, 208; 4 T. R. 716; Peake's Ev. 95; 2 B. & Cr. 264; 8 Serg. & R. 243; 3 Johns. R. 354.

*A. G. Jewett,* argued for the plaintiffs.

The opinion of the Court, SHEPLEY J. holding a jury term at the time of the argument, and not sitting in the case, was drawn up by

WHITMAN C. J. — By the offer to be defaulted the cause of action must be regarded as confessed. Such offer, under the statute, is equivalent, in its effect, in this particular, to bringing money into Court upon the common rule, which has ever

been considered as leaving nothing in controversy but the *quantum* of the debt or damage, which the plaintiff is entitled to recover. The evidence therefore tending to prove a tenancy as lessee, under the plaintiff, was, after such offer, superfluous; and the arguments of counsel thereupon are in the same predicament.

As the case stands the evidence, as to the value of the tenancy to the defendants, as lessees under the plaintiffs, as to which there was no special agreement, is the only subject for consideration. The plaintiffs were permitted to show what these premises had rented for in years immediately preceding the period in question; and also what other similar tenements rented for in the same neighborhood, at and about the same time. To this there could be no reasonable objection. Nothing is more common in ascertaining the value of one thing, than to compare it with others of known value, and of a similar description. Money itself is but a thing of known and fixed value; and we are continually comparing all other things with it by way of fixing their value. If two dwellinghouses are nearly contiguous, and one of them has a fixed and known value, and the other has not, but its value is to be ascertained, resort may be had to a comparison of the one with the other for the purpose. Our constant course of reasoning is from things known to things unknown; and our deductions depend upon it. Our conclusions from circumstantial evidence are of this nature; and the evidence here relied upon to prove the value of a tenancy is of this class.

The leases of the store in question in former years, to which one of the defendants was a party, were properly admissible. These show what he had admitted the value of the tenancy to be in years immediately previous. If rents had fallen it would have been competent for the defendants to have shown it, by way of lessening the effect in a greater or less degree, arising from such admission.

As to the message sent by Noy, and by him communicated to the defendants, we see no objection to its being proved, together with the reply, if any, that was made to it. It is every

day's practice to give in evidence messages and replies between parties. This was nothing more than information to the defendants, that if they still continued to hold the tenement a certain rent would be expected for the quarter. The defendants might have replied, that it was not worth so much. In such case the evidence might have been of very little, or indeed, of no value to the plaintiffs. If they made no reply it might be inferred that they assented to the correctness of the claim; and in that view of it some weight might be properly attached to it. As to the instruction of the Judge to the jury, we see no reason to question its correctness.

*Exceptions overruled.*