ALONZO VINCENT v. JOHN E. DEFIELD ET AL.

[See 98 Mich. 84.]

*Summary proceedings—Bond on appeal—Evidence.*

1. In an action on a bond given by a lessee on appeal from a judgment of ouster in summary proceedings to recover possession of the leased premises, conditioned for the payment of all rent due or to become due up to the time when the lessor should obtain possession of said premises, a lease made prior to the expiration of the first lease, for one year after that date, at a fixed rental, is admissible as evidence of the rental value of the leased premises for the time covered by the bond.

2. Plaintiff having testified to such rental value, it was competent on cross-examination to show that he actually received a less sum the year before for the use of said premises, and that he furnished heat for the same, said proposed evidence tending to contradict or weaken his testimony as to said rental value.

Error to Berrien. (Coolidge, J.) Argued April 3, 1895. Decided May 21, 1895.

Debt. Defendants bring error. Reversed. The facts are stated in the opinion.

*George W. Bridgman* and *M. L. Howell*, for appellants.
*George M. Valentine* and *George S. Clapp*, for plaintiff.

Hooker, J. The plaintiff having recovered in summary proceedings to regain the possession of land from his tenant, Defield, the defendants joined in an appeal bond, conditioned to pay all rent due or to become due up to the time when Alonzo Vincent should obtain possession of the premises, with costs of suit. A judgment in plaintiff's favor was affirmed in 98 Mich. 84. The plaintiff thereupon brought an action upon the bond, and from a judgment in his favor the defendants have brought error. The questions in the case relate to the subject of damages.

The premises consisted of a ground floor room in a two-story building. The plaintiff was not the owner of the premises, and offered in evidence a lease from one Brant, the owner, to him, of the entire building, for the period of five years. The plaintiff identified a writing as a lease of the room in question and another room from himself to one Eyman, for the period of a year from May 1, 1892. This lease was admitted against objection, as was also a lease from Eyman to Murphy, of the saloon, for $900 a year. The plaintiff was allowed to testify that Defield said that Murphy was to pay a bonus of $100 for his lease. All of these transactions took place before May 1, 1892. The defendants' counsel sought to prove upon cross-examination that the premises had rented for less the year before, and that heat had previously been furnished; but the court excluded the testimony, and confined the cross-examination to the rental value for the year in question, which the plaintiff stated to be $900. This last statement was in answer to a question by the court, and with this exception the plaintiff seems to have

relied upon these leases as his only evidence of rental value for the year.

The defendants' counsel contend that consent in writing to the subletting was not obtained; that the leases were void, and consequently not admissible; but there was proof tending to show a waiver of the condition by Brant. If these leases, made respectively in November and March previous, were *bona fide* transactions, they were cogent evidence of the rental value of the premises. Whether they were *bona fide* is open to controversy. There was no error in admitting this evidence.

We think, however, that the court should have permitted cross-examination of the plaintiff as to rent previously received, as what premises have rented for during preceding years is admissible in an action for use and occupation. 3 Suth. Dam. 111; *Fogg v. Hill*, 21 Me. 529. It was competent to cross-examine plaintiff as to what he actually received the year before, and whether he furnished heat in previous years, as it tended to contradict or weaken his statement that the premises were worth a rental of $900.

The judgment must be reversed, and a new trial ordered.

McGRATH, C. J., GRANT and MONTGOMERY, JJ., concurred. LONG, J., did not sit.