ALECK E. JOHNSON v. HELEN M. JOHNSON.[1]

Oct. 30, 1895.

Nos. 9488—(39).

**Tenant Holding Over—Election of Landlord.**
> Where a landlord has the right of election, and may treat the tenant as a trespasser or as a tenant holding over, the exercise of that right by the landlord is conclusive against him, and he cannot impose new terms upon the tenant without his consent.

Appeal by defendant from an order of the district court for Ramsey county, Willis, J., denying a motion for a new trial. Reversed.

*G. J. Lomen,* for appellant.

To accomplish a change in the terms of an old lease, a notice must be served before its termination, and before the new status, by legal implication, has become fixed. Wood, Landlord & T. (2d Ed.) pp. 27, 28, 38, 89; Hunt v. Bailey, 39 Mo. 257; Despard v.

---

[1] Reported in 64 N. W. 905.

Walbridge, 15 N. Y. 374; Higgins v. Halligan, 46 Ill. 173.    If there was no former lease, or if the former lease had been terminated, or if it did not provide for rent, defendant, if a tenant at all, was a lessee at sufferance, and, as such, would not be liable for rent. Wood, Landlord & T. (2d Ed.) p. 44.    When the right of election has accrued to the landlord, he cannot exercise such right and at the same time impose new terms.    Brinkley v. Walcott, 10 Heisk. 22; Indianapolis, D. & W. Ry. Co. v. First Nat. Bank, 134 Ind. 127, 33 N. E. 679.    In the forcible entry and detainer case, it was alleged and found that defendant wrongfully and unlawfully withheld the possession of the premises from plaintiff.    The latter could not, therefore, subsequently sustain an action which supposes the relation of landlord and tenant to continue during the pendency of the action.    Featherstonhaugh v. Bradshaw, 1 Wend. 134.    If the right of enjoyment is terminated, the payment of rent ceases to be an obligation.    Johannes v. Kielgast, 27 Ill. App. 576; Jones v. Carter, 15 M. & W. 718; Aldershaw v. Holt, 12 Adol. & E. 590; Wood, Landlord & T. (2d Ed.) pp. 37, 455; Ward v. Warner, 8 Mich. 508.    To recover, plaintiff was required to prove an existing contract, express or implied, to pay the rent sued for.    No such contract arose out of the notice, demand and occupancy.    Gallagher v. Himelberger, 57 Ind. 63, and cases ante.

*Moritz Heim* and *Armand Albrecht*, for respondent.

A tenant who retains possession after expiration of his tenancy and upon demand for an increase of rent will be held to have assented thereto, unless he disaffirms within a reasonable time. Gardner v. Board of County Commrs., 21 Minn. 33; Dickson v. Moffat, 5 Colo. 114; Reithman v. Brandenburg, 7 Colo. 480, 4 Pac. 788. The prior gratuitous tenancy had been absolutely terminated, and thereafter defendant remained in possession as a mere quasi tenant at sufferance or as a licensee.    Wood, Landlord & T. p. 28, § 13; 12 Am. & Eng. Enc. Law, p. 758.    Defendant had not entered upon a new term, entitling her to a continuance of the gratuitous tenancy, but had merely remained in possession for a few days under a revocable license.    12 Am. & Eng. Enc. Law, 758t.

After receiving notice of a demand for a fixed rent, she must be deemed to have assented, by electing to remain in possession with-

out protest or disaffirmance. The time of notice is immaterial, provided it be given before a new term has been entered upon. Stoppelkamp v. Mangeot, 42 Cal. 316; Dickson v. Moffat, supra. The finding in the forcible entry and detainer case did not negative the existence of the relation of landlord and tenant; nor did the proceedings themselves constitute a constructive re-entry, so that no action for rent would lie. Woodcock v. Carlson, 41 Minn. 542, 43 N. W. 479.

BUCK, J. This is an action for rent. The parties were formerly husband and wife. On May 12, 1893, the plaintiff, for the consideration of $1, leased to the defendant certain premises in the city of St. Paul during such time as the plaintiff might permit the defendant to occupy the same; the plaintiff, however, reserving to himself the right to terminate the lease and right of occupancy by giving to the defendant 30 days' notice in writing of his intention so to do, which notice he duly gave her on September 9, 1893. She did not vacate the premises, and on October 14, 1893, the plaintiff served upon her a further notice, stating therein that, if she remained longer in the possession of the premises, the rent from that time would be $75 per month for the future time which she occupied the premises. She still continued to occupy the premises until May 12, 1894. Some time in the month of November, 1893, the plaintiff began an action in the municipal court of the city of St. Paul, under the forcible entry and detainer act, to recover the possession of the premises, upon the ground that the defendant wrongfully and unlawfully detained the possession thereof from the plaintiff. The municipal court so found on December 5, 1893, and judgment was therein entered accordingly on December 9, 1893, from which the defendant appealed to this court, where the judgment of the trial court was affirmed. Thereupon the plaintiff brought this action to recover the sum of $532.50 as rent of said premises, at the rate of $75 per month from October 14, 1893, to May 12, 1894. Upon the trial in the district court, the jury were instructed by the court to find a verdict for the plaintiff for the amount claimed in the complaint and interest, which it did. The damages assessed by the jury amounted to $551.13, and the defendant appeals from an order denying a motion for a new trial.

The defendant, by the allegations of her answer, among other things therein alleged, denied the making of the lease, or that she ever agreed to pay any rent for the use of the premises. The plaintiff claims that, if she remained in possession of the premises after the service of the second notice upon her, the rent thereafter would be $75 per month, and bound her to pay that sum as long as she remained in possession of the premises. The force of this contention depends upon the question of whether, after the expiration of the 30 days' notice given to terminate the lease, there still existed the conventional relation of landlord and tenant.

It will be noticed that this lease is not one where the exact time of its expiration or termination was fixed by the agreement of the parties, but depended upon the election of the landlord. This tenancy could only be terminated by notice. It is so expressly stated in the lease itself. This power could be lawfully exercised by the landlord, and he did exercise this power. The termination of the lease by the landlord became effectual at the expiration of the 30 days from September 9, 1893, and he did not elect to permit the defendant to remain there any longer as his tenant, but as a trespasser. She therefore continued upon the premises as a trespasser, certainly until October 14, when the notice to pay $75 per month rent was served upon her. In no way did she recognize the existence of a continued tenancy, unless by remaining in possession of the premises after the termination of the lease by express notice. She could not enlarge the character of her tenancy by simply remaining in possession after the landlord had terminated it by the written notice. The right to terminate the lease existed on the part of the landlord, and when he exercised that right she did not become a tenant by merely continuing in possession. She was there as a wrongdoer, because the landlord had elected to treat her as such, and not as a tenant. This was the condition of the parties until October 14, 1893, when he served a notice upon her that, if she continued to remain longer in possession of the premises, the rent from that time on would be $75 per month. Did this notice alter the relations of the parties as they existed between the 9th and 14th days of October, 1893? The rule laid down in 1 Wood, Landlord & T. 38 (25), § 13, is as follows: "In all cases the doctrine is held that as to the tenant who holds over he is a wrong-

doer, and only becomes a tenant upon the terms of the old tenancy because the landlord elects to treat him as such.    By the mere act of holding over he does not become a tenant from year to year. Something more must occur in order to show the existence of a tenancy by a renovation of the old contract, anc" this is done by the landlord making his election whether to treat him as a tenant or as a trespasser; and the landlord's election is conclusive, both against himself and the tenant, and, after he has once disaffirmed the tenancy while the holding over continues, he cannot afterwards set it up for the purpose of enforcing a claim for rent."

The fact that the plaintiff, in the month of November, 1893, commenced an action of forcible entry and detainer in the municipal court of the city of St. Paul against the defendant to recover possession of the premises, and in the complaint therein alleged that the defendant wrongfully and unlawfully withheld the possession of the premises from the plaintiff, and that he was entitled to the immediate possession thereof, tends strongly to support the theory that plaintiff had elected to treat the defendant as a trespasser, and not as a tenant.    Subsequently, upon a trial, the plaintiff had judgment for the restitution of the premises.    We are of the opinion that, when a landlord has the right of election, and may treat the tenant as a trespasser or as a tenant holding over, the exercise of that right is conclusive against him, and that thereafter he cannot impose new terms upon the tenant without his consent.    As the plaintiff in this case sought to charge the defendant as his tenant holding over, after he had given her notice that she would be required to pay the sum of $75 per month as rent, and also elected to treat her as a trespasser upon the premises, we think that, under all the circumstances, the question of whether there was a contract or agreement upon the part of the defendant to pay rent should have been left to the jury.

The order denying the motion for a new trial is therefore reversed.

CANTY, J.    I concur in the result reached in the foregoing opinion solely on the ground that, after plaintiff had terminated defendant's original lease by the 30-days notice, he could not make a new lease with her without her consent; that it takes two to make

a bargain; that the service on her of the second notice, in which $75 per month rent was demanded, did not amount to the making of a new lease; that her remaining in possession for a long time after the service of this notice is evidence of such consent, but, under the circumstances of this case, not conclusive evidence. In several of the cases cited as authority for the proposition that such evidence is conclusive, the conduct of the alleged tenant, after the giving of the notice demanding an increase of rent, was inconsistent with any other theory but that of acceptance; and, in my opinion, this is the only principle on which these cases can be sustained.