JACKSON BRADLEY V. A. B. SLATER.

FILED FEBRUARY 16, 1897. No. 7101.

1. **Landlord and Tenant:** CONTINUATION OF TENANCY. When a tenant with the consent of his landlord, express or implied, holds over his term, the law presumes a continuation of the original tenancy for another like term and upon the same conditions.

2. ———: ———: EVIDENCE. But this presumption is not a conclusive one, and may be overthrown by evidence that the tenant's holding over was in pursuance of an agreement with his landlord that he might so hold over and pay rent only for the time he occupied.

3. ———: ———: ———. In a suit against a tenant who had held over two months, to recover rent for a term equal to the prior one and at the same rent, the evidence disclosed that before the expiration of his term the tenant notified his landlord that he would not occupy the leased premises after the expiration of his term; that he had purchased other premises, into which he intended removing, but that they would not be ready for occupancy when his lease expired; that the tenant held over without any express agreement with his landlord that he might do so, but with his knowledge and without his protest. *Held,* That this evidence was not sufficient to overthrow the legal presumption that the tenant was in for another term of the same length as the prior one and on the same conditions.

4. ———: ———: ———. When the lease of a tenant expires by its terms and he does not vacate, the landlord may, at his option, treat him as a trespasser or as a tenant; and if he continues to occupy without protest or objection from his landlord, the law, by the presumption, supplies the *prima facie* evidence, binding upon both landlord and tenant, that such a relation exists between them, and that the tenant is in for the same length of term and on the same conditions as his first term.

ERROR from the district court of Douglas county. Tried below before OGDEN, J. *Reversed.*

*Warren Switzler,* for plaintiff in error.

*Joseph R. Clarkson, contra.*

RAGAN, C.

Premises were demised by written lease for one year
in consideration of a stated rent. The tenant held over
his term two months. The landlord then sued to recover
rent for the premises for one year after the expiration of
the first term upon the theory that the tenant, by holding
over, became liable for the rent of the leased premises for
a year at the same rent fixed in the first lease. The ten-
ant had a verdict and judgment and the landlord prose-
cutes error.

The defense of the tenant, so far as material here, was
that he held over in pursuance of an agreement with the
landlord that he might do so, paying rent for the time he
occupied at the same rate per month as he paid under the
first lease. The evidence shows that in November, 1889,
one Jacob R. Hendrix owned the premises and on said
date demised it by a written lease to Augustus B. Slater
for one year, or until the 15th of November, 1890, in con-
sideration of a rent of $750 paid and agreed to be paid by
Slater; that after taking possession of the leased prem-
ises Slater purchased a lot in the city of Omaha, where
the leased premises were situate, and began the erection
thereon of a dwelling. Before the lease expired Slater
notified Hendrix that he had purchased a lot and was
building a house but that it would not be ready for occu-
pancy until about January, 1891; that he intended to
move into it as soon as it was ready for occupancy, and
that he would not renew the lease or remain in possession
of the leased premises for another year. Hendrix en-
deavored to release the premises to Slater for another
year, but this was refused by the latter. Hendrix then
sought to release the premises to Slater for six months
after the expiration of his lease, but this was declined by
Slater. The record contains no evidence that Hendrix
expressly agreed that Slater might hold over on any
terms whatever; nor does it show that he protested or
objected to Slater holding over the time he did. Slater

paid the rent in full for the premises for the year ending November 15, 1890. About the 13th of January, 1891, Slater abandoned the leased premises and at that time returned the keys of the building to Hendrix, and paid him $125, being two months' rent of the premises at $62.50 per month. Hendrix, when he accepted the keys and the rent, notified Slater that he did so under protest and that he would make reasonable efforts to find a tenant for the premises for the year ending November 15, 1891, and that if he did not receive as much rent for them as Slater paid for the year ending November 15, 1890, he would look to Slater to make up the difference. On the 14th or 15th of January, 1891, Hendrix sold and conveyed the premises by warranty deed to plaintiff in error Bradly, who brought this suit. It is quite clear that the evidence does not sustain the defense interposed to this action by Slater, namely, that he held over in pursuance of an express contract with his landlord. When a tenant, with the consent of the landlord, express or implied, holds over his term, the law presumes a continuation of the original tenancy upon the same terms and conditions. (See the rule stated and the authorities collated in 12 Am. & Eng. Ency. of Law, p. 758q. See, also, *Yates v. Kinney*, 19 Neb., 275, and *Schuyler v. Smith*, 51 N. Y., 309.) The last case cited was strikingly like the one at bar. In that case the premises were leased for one year, and before the expiration of the lease the tenant notified the landlord that they would not occupy the premises after their term expired; that they had hired other premises to which they intended removing on the expiration of their lease. The tenants, nevertheless, held over twenty-one days. The landlord then sued them for a year's rent of the premises at the same rate fixed by the lease of the previous year. The court said: "The plaintiff claims that because the defendants held over and continued in the occupancy of the premises for three weeks after the expiration of the lease he had the right to hold them as tenants for the whole year. This they deny, because they

gave him notice before the expiration of the term that they did not intend to occupy the premises for another year and made arrangements, with his knowledge, to occupy another wharf.    I am of opinion that the plaintiff's claim is well founded.    The law is too well settled to be disputed that where a tenant holds over after the expiration of his term the law will imply an agreement to hold for a year upon the terms of the prior lease.  *  *  * But the defendants claim that this implication of law may be rebutted and that the tenants may show by proof that they did not intend to hold upon the same terms as the prior lease, and they claim that the notice which they gave in this case was sufficient to overthrow this implication.   *   *   *   In this case the defendants hold over wrongfully.    It cannot be disputed that they were trespassers; and their notice did not deprive their act of holding over of its tortious character.  (The law should not give them the option to determine whether they should be treated as trespassers or as tenants.  This option should be accorded to the innocent holder of the property. The law regards the possession of real estate as a great advantage in any dispute in reference to it, (and hence a tenant who has obtained possession of real estate cannot dispute the title of his landlord; and having obtained possession from his landlord he should not be permitted to hold over, deny his tenancy, and convert himself into a wrong-doer."    Applying these authorities to the facts of the case at bar, it follows that Slater being a tenant for a year and having held over after the expiration of his term without an agreement with his landlord, but with his assent, the presumption is that he held the premises for another year upon the same terms that he held them the first year.    But this was a presumption only, and it was perfectly competent for Slater to show in this case that his holding over was in pursuance of an agreement with his landlord that he might hold over, might pay rent for the time which he did hold over, and for that time only.    The evidence introduced by Slater was not suffi-

cient to overthrow the presumption that he was holding
for another year on the same terms that he held the first
year. (The evidence, and all the evidence, introduced by
Slater to sustain his defense of holding over under an
express agreement was that he had notified his landlord
before the expiration of the term that he would not oc-
cupy the premises for a second term, and that he held over,
if not with the consent, at least without any protest from
his landlord and with his knowledge.) This was not suffi-
cient evidence to justify a finding that the tenant held
over in pursuance of an express agreement with his land-
lord that he should pay rent only for the time which he
held over; nor was it sufficient to overthrow the presump-
tion of law that his holding over was for a year and on
the terms and conditions of his first lease, and the legal
presumption remained in force and controlled the case.
When the lease of a tenant expires by its terms and the
tenant does not vacate, the landlord may, at his option,
treat him as a trespasser or as a tenant; and if the tenant
continues to hold over without protest or objection from
his landlord and without demand for the possession of
the premises, the law raises the presumption, binding
upon both landlord and tenant, that the relation of land-
lord and tenant exists between the parties and that the
latter is in for the same length of term and on the same
conditions as the first term;) but this is a presumption
only and may be overthrown by proof that the tenant is
holding over in pursuance of an agreement to pay rent
for the premises for the time which he holds over. (*Mont-
gomery v. Willis*, 45 Neb., 434.)   The judgment of the dis-
trict court is reversed and the cause remanded for a new
trial.

REVERSED AND REMANDED.