COMMONWEALTH TITLE INSURANCE & TRUST COMPANY OF PHIL-
ADELPHIA v. ENGEBRET K. DOKKO.[1]

April 15, 1898.

Nos. 10,996—(149).[2]

**Pleading—Sufficiency of Complaint—Objection First Made at Trial.**
> When the objection that the complaint does not state a cause of action
> is made for the first time on the trial, the complaint will be sustained,
> if by any reasonable intendment it can be held to contain a fair infer-
> ence of the necessary facts.

**Trespass—Waiver of Tort—Action for Use and Occupation.**
> Where a trespass has been committed, *held*, the owner of the real estate
> cannot waive the tort, and sue the trespasser on contract for use and
> occupation, or rent due from him as tenant.

Appeal by defendant from an order of the district court for
Norman county, Ives, J., denying his motion for a new trial after a
verdict for the plaintiff for $35, by direction of the court. Re-
versed.

*Mossness & Combs*, for appellant.

*A. C. Wilkinson*, for respondent.

CANTY, J.

Plaintiff, in its complaint, alleged that in the spring of 1896 it
was the owner of a certain described quarter section of land. It
further alleged that at said time

"The said defendant became the tenant of this plaintiff, and as such
tenant has occupied the above-described premises during this pres-
ent crop season, and has raised a crop of wheat and other grains
upon said premises; that the reasonable rental value of said prem-
ises during the time of said occupancy by said defendant is the sum
of $200, which rental, or in lieu thereof the one-fourth of the crop
raised by said defendant upon said premises, has been duly de-
manded by this plaintiff, and refused by said defendant."

The prayer for judgment is that plaintiff recover $200, and costs
and disbursements. The answer is a general denial.

1. On the trial before the court and a jury, the defendant ob-

---

[1] Reported in 74 N. W. 891.          [2] April, 1898, term.

jected to the introduction of the evidence offered on the ground that the complaint does not state a cause of action. The overruling of the objections is assigned as error. It is contended that the above-quoted allegations are not sufficient to show any leasing, express or implied, by plaintiff to defendant; that the allegations that defendant became the tenant of plaintiff, and as such tenant occupied the premises, are mere conclusions of law. It may be conceded that this complaint would not be sufficient if the objection was taken by demurrer. But, as against an objection taken for the first time on the trial, the complaint will be sustained if by any reasonable intendment it can be held to contain a fair inference of the necessary facts. See Seibert v. Minneapolis, 58 Minn. 39, 59 N. W. 822, and cases cited. Under this rule this complaint should be sustained.

2. On the trial, plaintiff introduced in evidence a mortgage made by the defendant and his wife to another corporation, an assignment by it of the mortgage to plaintiff, and certain foreclosure proceedings thereunder which vested in plaintiff the title of the mortgagors when the year to redeem expired in October, 1895. Plaintiff also gave evidence tending to prove that during the year 1896 defendant was in possession of the premises, and raised a crop on them, and that the rental value for that year was about $35 or $40. Both parties then rested, and the court ordered a verdict for plaintiff for $35. From an order denying a new trial, defendant appeals.

No evidence was introduced showing the character of defendant's possession. The evidence tended to prove that he was a trespasser, not that he was the tenant of plaintiff. If defendant was a trespasser, plaintiff could not waive the tort, and sue him on contract as its tenant. Hurley v. Lamoreaux, 29 Minn. 138, 12 N. W. 447; Reed v. Lammel, 40 Minn. 397, 42 N. W. 202; Downs v. Finnegan, 58 Minn. 112, 59 N. W. 981; Johnson v. Johnson, 62 Minn. 302, 64 N. W. 905. There was therefore a fatal variance between the complaint and the proof, the evidence will not sustain a verdict for plaintiff, and the court erred in ordering such a verdict.

Order reversed, and a new trial granted.