ADOLPH ROSENBERG v. JOHN C. SPRECHER.*

FILED JUNE 8, 1905. No. 13,801.

1. **Tenancy: HOLDING OVER: PRESUMPTION.** Where a tenant holds over his term, the law presumes a continuation of his original tenancy for another like term, but this presumption is not conclusive.

2. ———: **ACTION.** To sustain an action for the use and occupation of real estate, the relation of landlord and tenant must exist between the parties by agreement, either express or implied

3. ———: **ELECTION.** Where a tenant holds over his term, the landlord has the option to treat him as a trespasser or as a tenant for a new term, and the exercise of that right by the landlord is conclusive against him, and he cannot impose new terms upon the tenant without his consent.

4. The instructions given by the court in this case examined, and *held* not to conform to the issues and erroneous.

ERROR to the district court for Colfax county: JAMES A. GRIMISON, JUDGE. *Reversed.*

*George .W. Werts,* for plaintiff in error.

*George H. Thomas,* contra.

JACKSON, C.

This is a proceeding in error to reverse a judgment of the district court for Colfax county. The defendant in error, who will hereinafter be styled plaintiff, instituted an action in the court below against the plaintiff in error, who will hereinafter be styled defendant, to recover rent which he claimed from the defendant for the use and occupancy of plaintiff's property, and for certain moneys

* Rehearing allowed. See opinion, p. 183, *post.*

which he claimed to have expended for the defendant, and which the defendant promised to repay. The allegations of the petition important to the inquiry may be summed up as follows: That on the 17th day of March, 1902, the defendant was and had been plaintiff's tenant from month to month, and as such in the occupancy of a certain store building at an agreed monthly rental of $50 a month, payable in advance; that on that date, at defendant's request, plaintiff furnished and turned over to the defendant for his use as such tenant an additional room in the building, under agreement between the plaintiff and defendant that defendant was to pay plaintiff on account of such additional room and additional rental of $10 a month; that on the 1st day of April, 1902, the defendant refused to pay the plaintiff the additional rent contracted for, for the period between March 17 and March 31 inclusive, and that thereupon the plaintiff notified said defendant to vacate said building and to cease to occupy the same by May 1, 1902; and at the same time notified the defendant that if he continued to use and occupy the building from and after May 1, 1902, he would be required to pay plaintiff for such use and occupancy at the rate of $65 a month during the time that he continued to use and occupy the same; that the defendant continued in possession of said store building up to and including the 4th day of August, 1902, and that he failed to notify the plaintiff prior to the 4th day of August of his intention to vacate the building, but that he vacated the building without any notice whatever to plaintiff, and that, by reason of these facts, became indebted to plaintiff in the sum of $324.67; that he paid the plaintiff on that account the sum of $206.67; that the rental value of the property was reasonably worth the amount charged by the plaintiff. It was further alleged as a second cause of action that about the 1st day of January, 1902, the plaintiff paid out the sum of $4.75 for the use and benefit of the defendant; that the defendant promised to repay the plaintiff the sum so paid out, but has refused to do so. The plaintiff

claimed judgment for $123 75, with interest. Defendant, by his answer, admitted that on the 17th of March, 1902, he was, and prior thereto had been, a tenant of plaintiff from month to month; that he was in possession of the store building, and was paying an agreed monthly rental of $50 a month, payable in advance. His answer recites that on or about the 1st day of August, 1901, he entered into a verbal contract with the plaintiff, according to the terms of which the plaintiff agreed to furnish the defendant additional room in the building, to enlarge the cellar, and otherwise to improve the building; that after such additional room and other improvements were completed he was to pay an additional rental of $10 a month; that the plaintiff never complied with the terms of the contract, and disclaimed any liability for additional rent claimed; pleaded payment of rent at the rate of $50 a month from the time that he continued in possession of the property, and that on or about May 1, 1902, the plaintiff instituted legal proceedings against the defendant to oust him from the possession of said premises; that he occupied the premises up to the 4th day of August, 1902, to which time he paid plaintiff rental at the rate of $50 a month, and that the amount paid was the reasonable and fair rental value of the premises so occupied by him. He denied the other allegations of the petition, and pleaded a counterclaim, which it is unnecessary to notice. Plaintiff replied, denying all the allegations of the answer, and alleging that the amount paid by the defendant after the 1st of April, 1902, was paid and received with an understanding and agreement between the plaintiff and defendant that the acceptance should in nowise affect or prejudice plaintiff's claim for additional rent.

The evidence discloses that the plaintiff and defendant had for several years prior to this controversy sustained the relation of landlord and tenant; that during the year 1901 it was agreed between them that the plaintiff should build an additional story on the building occupied by the defendant, and provide additional room for the defendant

in the second story. There is some dispute about other improvements, which the defendant claims were a part of the inducement for the agreement, and which the plaintiff denies. Both parties, however, agree that the tenant was to pay an additional rental of $10 a month when the improvements agreed upon were made; that on the 16th or 17th of March, 1902, the plaintiff notified the defendant that the additional room was ready for his use and occupancy, the plaintiff claiming that he had performed his part of the agreement, the defendant insisting that the improvements had not been completed as agreed upon and refusing to occupy the new room provided by the plaintiff, or to pay rent therefor. On the 1st day of April, 1902, the plaintiff caused to be served on the defendant a written notice to vacate the premises and to cease to occupy the same by the 1st day of May following, and also saw the defendant personally and informed him that if he wanted to occupy the premises after the 1st of May, he would require him to pay rent at the rate of $65 a month. It is also in evidence that about the 1st of May he instituted legal proceedings against the defendant to recover the possession of the premises.

The second instruction given by the court on its own motion is, in part, as follows: "An itemized statement of the claims now made by both parties is here made, to assist you in applying the evidence and making the computation, as follows: "Plaintiff claims on first cause of action:

"1. Additional rent from March 17, 1902, to March 31, 1902, at $10 per month............... $4.67
"2. Additional rent for April, 1902.............$10.00
"3. Additional rent for May, 1902.............$15.00
"4. Additional rent for June, 1902.............$15.00
"5. Additional rent for July, 1902.............$15.00
"6. Balance for August.......................$58.33."

In the ninth instruction given by the court on its own motion, the court said to the jury: "If you believe from the evidence that the agreement was as alleged by the plaintiff, and that on the 17th day of March, 1902, he had

completed and fulfilled all that he was required to do by the terms of said contract, and that he turned the additional room over to the defendant, completed according to agreement, you will find for the plaintiff as to the first item in the statement given in instruction 2, also for the plaintiff on the second item contained in said statement, also for $10 of the third item; also for the plaintiff on the fourth item of said statement; also for the plaintiff on the fifth item of said statement; and if you further find from the evidence that the plaintiff notified the defendant on the 1st day of April, 1902, that, if he remained in the occupancy of said premises after May 1, 1902, he should pay as rent the sum of $65 per month, then you should find for the plaintiff in the full amount of the third item of said statement." To the giving of this instruction the defendant excepted, made complaint in the motion for a new trial, and also has assigned the giving of it as error in his petition.

The rule is well and satisfactorily settled in this state that, to sustain an action for the use and occupation of real estate, the relation of landlord and tenant must exist between the parties by agreement, either express or implied. *Skinner v. Skinner,* 38 Neb. 756; *Janouch v. Pence,* 3 Neb. (Unof.) 867. It is also true that where a tenant with the consent of his landlord, either expressed or implied, holds over his term, the law presumes a continuation of his original tenancy for another like term, but that this presumption is not conclusive. *Bradley v. Slater,* 50 Neb. 682; *Montgomery v. Willis,* 45 Neb. 434. Where a tenant holds over his term the landlord has the option to treat him as a trespasser, or as a tenant for a new term. *Bradley v. Slater, supra; Merchants State Bank of Fargo v. Ruettell,* 12 N. Dak. 519, 97 N. W. 853. Where a landlord has the right of election, and may treat the tenant as a trespasser or as a tenant holding over, the exercise of that right by the landlord is conclusive against him, and he cannot impose new terms upon the tenant without his consent. *Johnson v. Johnson,* 62 Minn. 302, 64 N. W. 905.

The case of *Johnson v. Johnson* was similar to the one now under consideration.  Plaintiff leased the defendant certain premises in the city of St. Paul during such time as the plaintiff might permit the defendant to occupy the same, plaintiff reserving the right to terminate the lease by giving 30 days' notice.  On the 9th of September, 1903, plaintiff gave the notice provided for by the lease.  The defendant did not vacate.  On the 14th of October, 1893, plaintiff served an additional notice, stating therein that if defendant remained in possession of the premises the rent from that time on would be $75 a month.  The defendant still continued to occupy the premises until May, 1894.  In November, 1893, the plaintiff begun an action in the municipal court of the city of St. Paul, under the forcible entry and detainer act, to recover possession of the premises.  The plaintiff had judgment, and upon appeal the judgment was affirmed.  Thereupon plaintiff brought an action to recover rent at the rate of $75 a month.  Upon the trial in the district court the jury were instructed by the court to find a verdict for the plaintiff for the amount claimed by the claimant, and interest.  The supreme court of Minnesota, upon an appeal, in discussing the plaintiff's claim that, if the defendant remained in possession of the premises after service of the second notice upon her, the rent thereafter would be $75 a month as long as she remained in possession of the premises, said:

"The force of this contention depends upon the question of whether, after the expiration of the thirty days' notice given to terminate the lease, there still existed the conventional relation of landlord and tenant.  *  *  *  The termination of the lease by the landlord became effectual at the expiration of the 30 days from September 9, 1893, and he did not elect to permit the defendant to remain there any longer as his tenant, but as a trespasser.  She therefore continued upon the premises as a trespasser, certainly until October 14, when the notice to pay $75 per month rent was served upon her.  In no way did she recognize the existence of a continued tenancy, unless by remain-

ing in possession of the premises after the termination of the lease by express notice. She could not enlarge the character of her tenancy by simply remaining in possession after the landlord had terminated it by the written notice. The right to terminate the lease existed on the part of the landlord, and when he exercised that right she did not become a tenant by merely continuing in possession. She was there as a wrongdoer, because the landlord had elected to treat her as such, and not as a tenant. This was the condition of the parties until October 14, 1893, when he served a notice upon her that, if she continued to remain longer in possession of the premises, the rent from that time on would be $75 per month. Did this notice alter the relation of the parties as they existed between the 9th and 14th days of October, 1893? The rule laid down in 1 Wood, Landlord and Tenant (2d ed.), page 25, sec. 13, is as follows: 'In all the cases the doctrine is held that as to the tenant who holds over he is a wrongdoer, and only becomes a tenant upon the terms of the old tenancy, because the landlord elects to treat him as such. By the mere act of holding over, he does not become a tenant from year to year. Something more must occur in order to show the existence of a tenancy by a renovation of the old contract, and this is done by the landlord making his election whether to treat him as a tenant, or as a trespasser, and the landlord's election is conclusive, both against himself and the tenant, and after he has once disaffirmed the tenancy while the holding over continues, he cannot afterwards set it up for the purpose of enforcing a claim for rent.' "

Applying the authorities cited to the case at bar, the conclusion seems irresistible that on the 1st day of May, 1902, the relation of landlord and tenant ceased to exist between the plaintiff and defendant because of the election of the plaintiff to treat the defendant as a trespasser and attempting to regain possession of his property by proceedings in forcible detention. The instruction complained of assumed that the relation of landlord and tenant existed

during the months of May, June and July, and therefore that, if the jury should find that the plaintiff had complied with his agreement to provide the additional room, he would be entitled to receive the $10 a month additional rent because of the contract relation of landlord and tenant. This assumption on the part of the trial court was erroneous, and the instruction therefore not only erroneous, but prejudicial.

In instruction No. 11, given by the court on its own motion, the court said to the jury: "You are instructed that as to the claim of the plaintiff for rent in August, 1902, it is admitted that defendant has paid $6.67. The plaintiff was entitled to 30 days' notice from the defendant of his intention to leave the premises, and his day for payment of rent had passed on August 4, when he left, that is, he had entered upon a new rental period without notice to the plaintiff. You will therefore find for the plaintiff on the sixth item of said statement." By reason of the conclusions already reached in this case, this instruction must also be held to be erroneous. The plaintiff could not treat the defendant as a trespasser, and at the same time require him to give 30 days' notice of his intention to vacate the premises.

We recommend that the judgment of the district court be reversed and the cause remanded for further proceedings according to law.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings according to law.

REVERSED.

The following opinion on rehearing was filed October 19, 1905. . *Affirmed upon condition:*

Per Curiam.

Motion to modify sustained. Judgment of reversal vacated. Ordered that defendant be allowed to file a remittitur of $73.33 from the judgment within 30 days, and, if such remittitur is filed, the judgment of the district court is affirmed for $59.77; otherwise, the judgment is reversed and the cause remanded.

JUDGMENT ACCORDINGLY.