NERIAH B. KENDALL, TRUSTEE, APPELLANT, V. THOMAS
ULAND ET AL., APPELLEES.

FILED FEBRUARY 20, 1909. No. 15,532.

1. **Forcible Entry and Detainer:** SUPERSEDEAS BOND: LIABILITY. In
an action upon a supersedeas bond given in justice court to stay
a writ of restitution in forcible entry and detainer proceedings,
plaintiff is not entitled to recover according to the terms of a
lease for the same premises between said parties for the year
preceding the unlawful detention, but only a reasonable rent for
said period.

2. ———: ACTION ON BOND: EVIDENCE. Proof of the tenant's reasons
for refusing to yield possession of said premises is not relevant
in such an action, and allegations with reference thereto will
upon defendant's motion be stricken from the petition.

3. ———: ———: ———: PLEADING. In such an action a lease be-
tween the parties for the year next preceding the unlawful
detention is relevant evidence on behalf of the plaintiff, although
it provides for rent in kind, and he may also prove the value of
the crops received by him thereunder, but allegations in the peti-
tion concerning such facts may be stricken therefrom as an
attempt to plead evidence.

APPEAL from the district court for Lancaster county:
ALBERT J. CORNISH, JUDGE. Reversed.

Charles O. Whedon and J. A. Brown, for appellant.

Halleck F. Rose, W. B. Comstock and A. L. Chase, con-
tra.

ROOT, J.

Action upon a supersedeas bond given in justice court
on appeal from an order of restitution, and also upon a
bond for waste given in the district court on appeal to this
court from a judgment affirming the aforesaid judgment
in justice court. The tenant paid plaintiff $550, which he
averred was in excess of the rental value of said premises
for one year. Judgment for defendants, and plaintiff ap-
peals.

1. In the original petition plaintiff alleged that the tenant defendant had unlawfully, forcibly, and with intent to defraud refused to surrender possession of the demised premises at the expiration of a written lease which terminated in February, 1905; that said lease was for one-half of the crops grown upon the farm; that the value of the landlord's share of the 1904 crop amounted to over $1,200, and the fair value of one-half of the crops grown on said land in 1905 was $1,325; that there were many opportunities to rent said farm for 1905, and but for the acts of defendants plaintiff would have rented it for said season for one-half the crops grown thereon. A copy of the bond is set out in the petition, and a claim made thereon for the alleged rental value of the premises, to-wit, $1,325, less the credit aforesaid. The cause of action upon the waste bond does not seem to be seriously contended for, and will not be given further notice. The court on defendants' motion struck from the petition the allegations relating to renting upon shares and concerning the alleged fraudulent conduct of the principal in the bond, and compelled plaintiff to file an amended petition omitting those statements. The condition in the bond is in the language of the statute that the principal therein "will satisfy the final judgment and costs and will pay a reasonable rent for the premises during the time he shall unlawfully withhold the same." The tenant's motives in unlawfully refusing to yield possession of the demised premises will neither excuse his conduct nor increase the landlord's recovery on a bond like the one in suit. The averment that the landlord had an opportunity to rent the land for a share of the crop in 1905 is immaterial, and the allegations concerning the value of the crops received as rent in 1904 are, at the most, statements of evidence, and were improperly included in the petition.

2. Upon the trial the court excluded the lease between the parties for 1904, and refused to permit plaintiff to show the amount of crops grown on the farm in said year, or the prices obtained therefor, or that plaintiff had ordi-

narily leased the land for share rent, and confined the proof on the subject of damages to a description of the farm, the improvements thereon and qualities of the soil, supplemented by opinions of witnesses concerning the fair cash rental value of the land during the period defendants unlawfully detained possession thereof, and instructed the jury that by "reasonable rental value is meant the reasonable rental value in cash of the land occupied, estimated as of the time when the bond sued upon was given, to wit, February 15, 1905." Plaintiff asserts that defendants should be held to the same liability as a tenant holding over, and that the terms of the 1904 lease will control the instant case; otherwise the tenant will be given the benefit of his own wrong. Plaintiff at all times subsequent to February, 1905, has refused to recognize his former tenant in any other capacity than a wrongdoer, and he cannot recover from him as a tenant holding over. *Rosenberg v. Sprecher*, 74 Neb. 176. The defendants, however, are liable upon their undertaking, and that is to "pay a reasonable rent for the premises during the time he shall unlawfully withhold the same." Now, rent is a certain profit issuing yearly out of lands and tenements corporeal as a compensation for the use thereof. *State v. McBride*, 5 Neb. 102. It may be paid in money, services, or in products of the soil. 1 Woodfall, Landlord and Tenant, p. *438; *Whithed v. St. Anthony & Dakota Elevator Co.*, 9 N. Dak. 224, 81 Am. St. Rep. 562. And in the case at bar plaintiff, as near as possible, should be indemnified for the tenant's wrongful conduct, but the inquiry must be confined to the value of the term enjoyed by him at plaintiff's expense. Testimony of experts as to the fair rental value of the land is helpful, but it is not the only relevant evidence. It is generally held that, if conditions continue unchanged, a lease for a fixed rental between the parties for an antecedent year for the same land is competent evidence. *Vincent v. Defield*, 105 Mich. 315; *Fogg v. Hill*, 21 Me. 529. And any other evidence concerning the pecuniary advan-

tage to be derived from the use of the land during the disputed term would have some bearing as to what one would be likely to pay therefor. *Baldwin v. Skeels,* 51 Vt. 121. Although the lease did not provide for a cash payment or the delivery of any certain number of bushels of grain, it was relevant as tending to shed some light on the controversy, and should have been received in evidence. The testimony offered to prove the value of the rent share of the crop received by plaintiff for 1904 was also competent. *Shutt v. Lockner,* 77 Neb. 397. We do not wish to be understood as holding that the terms of said lease or the value of the crop received for 1904 would control the verdict, but those facts should have gone to the jury to be considered in connection with the other evidence to establish "a reasonable rent for the premises during the time he" (the tenant) unlawfully withheld the same.

3. There are some other errors assigned, but we conclude that upon a second trial of this case the parties will not have just cause for complaint, and they will not be further noticed.

The judgment of the district court, therefore, is reversed and the cause remanded.

REVERSED.