ROURKE v. HUGHES, BOZARTH, ANDERSON CO.

No. 19474. Opinion Filed Sept. 17, 1929.

Rehearing Denied Jan. 7, 1930.

Hayson & Lukenbill, Hall & Thompson, and George E. McKinnis, Jr., for plaintiff in error.

Snyder, Owen & Lybrand, for defendant in error.

RILEY, J. Plaintiff in error, as plaintiff

below, commenced this action on February 27, 1922, seeking recovery of damages in double the yearly value for willful holding over real property as provided by section 6005, C. O. S. 1921. A motion to make more definite and certain was sustained. On October 15, 1927, plaintiff sought to amend his petition, but after submitting the proposed amendment to the court the same was denied and a demurrer based upon the statute of limitations was sustained to the petition and the cause dismissed.

We consider the trial court's action on the demurrer.

Section 6005, C. O. S. 1921, is as follows:

"For willfully holding over real property by a tenant after the end of his term and after notice to quit has been duly given, and demand of possession made, the measure of damages is double the yearly value of the property for the time of withholding, in addition to compensation for the detriment occasioned thereby."

The petition of plaintiff followed the statute in pleading the cause of action by averring the term of tenancy, holding over after notice to quit and demand of possession made, and that the defendant "had thereby incurred the penalty of the law," as well as by declaring for double the yearly value of the property and in addition compensation for detriment occasioned thereby.

This petition was challenged in view of section 185, C. O. S. 1921, and subdivision 4, limiting actions upon a statute for penalty or forfeiture to one year, except where the statute imposing it prescribes a different limitation.

This action was commenced February 27, 1922. The petition disclosed the period of alleged unlawful withholding of the real estate extended from April 1, 1919, to June 3, 1920, hence as applied to any cause of action attempted to be pleaded under the penalty statute, supra, it is evident the statute of limitations, supra, had run.

Counsel for plaintiff in error disclaim credit for the petition and say "it is not an artistic document," but contend the allegations thereof state a cause of action in simple trespass under section 5997, C. O. S. 1921. We hold not, for, under section 5997, a cause of action arises against a tenant who "holds over" without the necessity of notice or demand for possession.

Where formal notice is "duly given" and demand for possession made, section 6005, supra, applies with its penalties; moreover

section 5997, supra, by its terms is exclusive of the provisions of section 6005 above mentioned.

"The tenant has no election as to what he may do." 31 C. J. 1029. But the landlord may elect. Peck v. Christmas, 94 Ill. App. 435. In that case it is said:

"But after having once elected to hold him to the one liability he is not permitted to shift his position and elect to hold him to the other."

Herein the plaintiff elected to hold appellee wrongfully in possession to the penalty statute, but delayed bringing his suit until the limitation imposed by the statute had run.

Rosenberg v. Sprecher (Neb.) 103 N. W. 1045, 1048, 105 N. W. 293, quotes from Woodall's Landlord & Tenant as follows:

"The landlord's election is conclusive both against himself and the tenant, and after he has once disaffirmed the tenancy while the holding over continued he cannot again set it up for the purpose of enforcing a claim for rent." Bleistift v. Diener, 129 N. Y. S. 73.

No notice to quit was necessary herein except as a condition precedent to maintaining a suit under the penalty statute. It is so provided by section 7342, C. O. S. 1921. Herein, by the plaintiff's petition, the time for the termination of the tenancy was alleged to be April 11, 1919; by pleading the requirements for penalty the plaintiff irrevocably elected to cast his lot under that remedy. There is no contention that he was proceeding under the forcible entry and detainer action. When tenancy terminates and the tenant holds over, the landlord may elect (a) to create a tenancy at will by merely giving assent (section 7342, C. O. S. 1921); or (b) to constitute the holding over willful, service by a notice to quit, duly given, and making demand for possession (section 6005, supra), whereupon the measure of damages is doubled, of the yearly value in addition to compensation for detriment; or (c) the landlord may, by doing nothing, allow the relationship to be merely one of wrongful occupation (section 5997, C. O. S. 1921), wherein the detriment or damage is "the value of the use of the property."

Herein plaintiff urges that, while the petition in the year 1922 was drawn under the "penalty statute" (sec. 6005, supra), it also states a cause of action for "value of the use" under section 5997, last above cited. But we have observed the election of plaintiff was long since made, by (1) "notice to

quit," "duly given," and "demand of possession made." His election was irrevocable. Moreover, there exists no cause of action for this plaintiff under section 5997, supra, for by the words of that section creating that cause of action the right given is specifically limited, the damages recoverable to those "not embraced in sections 5998, 6004, 6005, and 6006," whereas plaintiff by his brief contends he had in mind primarily the "recovery for use" and "that he also had in mind the statute granting him the right to recover a penalty for the willful withholding of the real estate." By electing to cast his lot under the double pay penalty statute, we hold that plaintiff irrevocably divorced himself from any right to collect singly under the "value of use" statute.

There are burdens as well as benefits under the penalty statute; under section 5997, "value of use" statute, the limitation of action is two years. The advantage of the penalty under section 6005 must be seized within one year.

As suggested, plaintiff was the hare in the race with the tortoise. He lost not a day in perfecting his election to invoke the penalty by giving notice and making demand immediately upon termination of the tenancy. Then he went to sleep, and when he awoke to find the penalty of his bond dead, like ancient Shylock, he cried, "Give me my principal and let me go." But "the laws aid the vigilant, not those who sleep," and "he who receives the advantage ought also to bear the burden."

In the original petition the pleader, with meticulous care, followed section 6005, supra, and pleaded that defendant "thereby incurred the penalties of the law."

We hold the statute of limitations applied. No cause of action was even defectively pleaded because of the running of time, and consequently the petition was not subject to amendment. Cases cited by plaintiff in error do not involve the statute of limitations and are beside the question before us, and the cited case of Sullivan v. Davis, 29 Kan. 28, most strongly relied upon, is not controlling in that the statutes vary. The Kansas statute giving treble damages is not an "exclusive of other remedy" statute like ours (section 5997, supra, in cases not embraced in sections * * * 6005 * * *). No election was required of the landlord under the Kansas statute. In other words, the situation there was that the same facts pleaded would constitute a cause of action and entitle plaintiff to simple damages or treble damages, dependent upon whether suit was instituted within one or two years, respectively. Hence, then, within proper time, the prayer of the petition, only, would determine the extent of damages recoverable. There, the court held that by simply praying for too much, even tardily, under the same facts, applicable to both statutes, did not defeat relief for actual or simple damages. That is not the case before us, for herein we are confronted, not with an exaggerated prayer alone, but a separate, distinct, and exclusive cause of action.

Judgment affirmed.

MASON, C. J., and HEFNER, CULLISON, and SWINDALL, JJ., concur. LESTER, V. C. J., and CLARK and HUNT, JJ., dissent. ANDREWS, J., absent, not participating.

Note.—See under (2) 10 R. C. L. p. 395, et seq.; R. C. L. Perm. Supp. p. 2694. See "Lex Vigilantibus, Non Dorminetibus, Subvenit," 36 C. J. p. 1049, n. 16. "Limitations of Actions," 37 C. J. § 511, p. 1074 n. 30.