## SEIDENBACH'S v. AULT.

No. 19879. Opinion Filed May 26, 1931.

Samuel A. Boorstin and E. M. Calkin, for plaintiff in error.

Abbott & Rodolf, for defendant in error.

RILEY, J. This is an appeal from a

judgment based upon a penalty statute, section 6005, C. O. S. 1921, providing for recovery by the landlord from a tenant of double the rental value of real property for (a) willful holding over of real property after the termination of tenancy, (b) after notice to quit has been duly given, and (c) demand of possession made.

The undisputed facts are:

Ault and Seidenbach's Corporation entered into a written lease for occupancy of a store by the latter at 119 S. Main street, Tulsa, Okla. By the terms of said lease the tenancy expired February 1, 1927. Seidenbach's occupied the premises until July 1, 1927, or a period of five months after termination of the written lease. Seidenbach's had paid for a number of years, up to and including February 1, 1927, as rental, a rate of $458.33 per month. Ault brought an unlawful detainer action against Seidenbach's, Inc., for possession of the premises and obtained a judgment for possession dated March 1, 1927, which judgment became final. Ault obtained possession July 1, 1927. Judgment in the cause at bar was based upon a verdict of a jury and in the sum of $4,583.30.

Seidenbach's, as plaintiff in error, contends under its fifth proposition that:

"Under section 6005, C. O. S. 1921, proof of demand of possession cannot be inferred and notice to quit must be proven, and the proceedings being under a penal statute shall be strictly construed."

Section 6005, C. O. S. 1921, reads as follows:

"For willfully holding over real property, by a tenant after the end of his term, and after notice to quit has been duly given, and demand of possession made, the measure of damages is double the yearly value of the property, for the time of withholding, in addition to compensation for the detriment occasioned thereby."

The record does not affirmatively disclose that notice to quit was duly given as required by section 6005, supra, until the time of the detainer action resulting in judgment of March 1, 1927. That judgment served the purpose to indicate, with all necessary formality, that plaintiff therein, Ault, no longer wanted Seidenbach's, defendant therein, as his tenant for the property in question. We cannot say from the record when service of summons was made upon Seidenbach's in the detainer action, but we can say that by the judgment Ault not only demanded and duly notified Seidenbach's to quit, but was successful in having it adjudicated in that contested case that it should quit. That was most emphatic notice. It is jurisdictional that a three-day notice be given prior to commencement of such detainer action. That notice would be sufficient for the purpose of maintaining the penalty action provided in section 6005, supra.

It appears that plaintiff recovered double rental value under the penalty statute, supra, from the date of February 1, 1927, to July 1, 1927, in compliance with the trial court's instruction No. 4, which reads as follows:

"You are instructed, should you find from a fair preponderance of the evidence in this case, that after the 1st day of February, 1927, that defendant willfully retained possession of the premises described in plaintiff's petition, and withheld the same from plaintiff, then it will be your duty to return a verdict in favor of the plaintiff and against the defendant for twice the reasonable rental value of said premises, while so retained by defendant after the 1st day of February, 1927, but in no event can your verdict exceed the sum of $4,583.30."

Instruction No. 4 was in error for the reason that it should have limited the recovery of the "double value" to the period of occupancy after notice to quit had been duly given. Notice to quit is not affirmatively shown by the evidence to have been duly given until March 1, 1927. It may have been given as a condition precedent to the judgment of March 1, 1927; if so, it may be shown in the next trial.

We also find the trial court's instruction No. 5 in error. It is evident the trial court took the view that no notice to quit was necessary by reason of section 7348, C. O. S. 1921, reading:

"When the time for termination of a tenancy is specified in the contract, * * * no notice to quit shall be necessary."

As we view it, that notice (section 7348, supra) is the notice ordinarily required to terminate the tenancy. It is not the notice required as a condition precedent to recovery of the penalty (section 6005, supra.)

The court's instruction No. 6 is erroneous; it is:

"You are instructed that the filing of a suit for the possession of said premises is sufficient under the law for a demand for the possession of said premises."

The error is this: The filing of the suit may not notify the tenant. The service of summons would notify the tenant where the tenant is sued and served, but no service of summons in the detainer action is shown in the case at bar, only the judgment ap-

pears. That judgment informs us that the tenant, Seidenbach's, on March 1, 1927, was in court contesting for possession of this real property against Ault. It is true that the filing of a suit for the possession of said premises is a demand for possession, but it is not true that the mere filing of such suit conveys information of the demand to the defendant or tenant in the suit. Rourke v. Hughes-Bozarth-Anderson Co., 141 Okla. 22, 283 Pac. 561.

We deem it unnecessary to decide other assignments of error.

The cause is reversed and remanded for a new trial.

LESTER, C. J., CLARK, V. C. J., and HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur. KORNEGAY, J., dissents. McNEILL, J., disqualified, not participating.